BOARD OF COUNTY COMMISSIONERS OF GARFIELD COUNTY v. JOHN F. DANELEY.

(Filed September 5, 1906.)

COUNTY CLERK—Salary of—Appeal. Under the laws of Oklahoma, a county clerk cannot retain or recover for his services extra compensation for making out a report of the proceedings of the meeting of the board of county commissioners and transmitting the same to the official paper of the county; such clerk being limited to the amount of his annual salary, plus such sum, not exceeding three hundred dollars, for making out the tax rolls of the county as may be allowed by the county commissioners.

(Syllabus by the Court.)

*Error from the District Court of Garfield County; before James K. Beauchamp, Trial Judge.*

*Daniel Huett,* for plaintiff in error.

*Houston & Buckner,* for defendant in error.

Opinion of the court by

BURWELL, J.: This case is submitted on an agreed statement of facts, and involves the sole question as to

whether or not a county clerk is entitled to compensation in addition to his regular salary for making out a full and complete report of the proceedings of the regular and special meetings of a board of county commissioners, and transmitting the same to the official paper of the county for publication.

The district court of Garfield county held, that extra compensation should be allowed therefor, and the county appeals.

The county clerk bases his claim for extra pay for such services upon the provisions of sec. 1432 of Wilson's Annotated Statutes of Oklahoma.   It is as follows:

"It is hereby made the duty of the county clerk to make out a full and complete report of the proceedings of each regular and special meeting of the board, (Board of county commissioners), and to transmit the same to the publishers of the newspapers selected by such board to publish such proceedings, said report to be made out and transmitted by such clerk within one week from the time such proceedings were had.   Such clerk shall be allowed by the board a reasonable compensation for such services."

The act of which this section is a part was enacted by the legislature in 1890, and was copied bodily into the statutes of 1893, and this section, with other portions of the original act, was copied into Wilson's Annotated Statutes of 1903.

The legislature of 1890 fixed the salaries of the county clerks in the following language:

Sec. 2883, Stat. of 1890:  "The county clerk of the several counties of this Territory, shall   be allowed by the board of county commissioners of the respective counties, as full compensation for their services the following annual salary."

The section then fixes the amount of the respective salaries measured by the number of the inhabitants in the county. This last section was also carried over into the statutes of 1893. Now, for the sake of argument, it may be admitted that under the law as set forth in the statutes of 1890 and 1893, the clerk would be entitled to compensation for services such as are involved in this case, but in 1895, the legislature amended the Fees and Salary act and the section fixing the salary was made to read as follows:

Sec. 27 of chap. 25 of the Session Laws of 1895:

"The county clerks of the several counties of this territory shall be allowed, by the board of county commissioners of the respective counties, as full compensation for their services, the following annual salary:"

Here the salaries are fixed according to the population of the respective counties, and then the section concludes:

"The board of county commissioners may allow the county clerk not to exceed three hundred dollars per annum for making up the tax rolls of the county, but in no case shall the county clerk receive any other or greater compensation than herein provided: Provided, that the county clerk shall pay his deputy and for such assistance as is necessary to perform the duties of his office out of such salary."

The latter part of this section is very different from sec. 2883 of the Fees and Salary act of 1890, in that this act of 1895 provides that, "in no case shall the county clerk receive any other or greater compensation than herein provided," except the "county commissioners may allow the county clerk not to exceed three hundred dollars per annum for making up the tax rolls of the county." The law as it exists at the present time contains this same provisions, and we are clearly of the opinion that the legislature intended by

the language employed to prohibit the county clerk from receiving any compensation for any services rendered, except his annual salary and a sum not to exceed three hundred dollars for making out the tax rolls of the county.

The act of 1895, referred to above, repeals all acts, and parts of acts in conflict therewith, and as that part of sec. 1843, of the Statutes of 1890, (sec. 1432 of Wilson's Anno. Stat.) which authorized the county commissioners to allow the county clerks compensation for the services involved in this case, is inconsistent with the provisions of the act of 1895, it was by the latter act repealed.

A county clerk under the present law is limited to his annual salary and such allowance as may be made by the county commissioners for making out the tax rolls. *Harris Finley v. The Territory of Oklahoma,* 12 Okla. 621.

The judgment of the lower court is hereby reversed at the cost of the appellee, and the case remanded with directions to the trial court to enter judgment in favor of the appellant dismissing the cause, and for costs against the appellee.

All the Justices concurring.